FILED
SUPERIOR COURT
OF GUAM

2025 FEB 19 PM 4: 27

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

THOMAS J. FISHER, as Taxpayer and in his Official Capacity as a Senator of the 37th Guam Legislature,

Plaintiff,

v.

IGNACIO C. SANTOS, in his official capacity as a Government of Guam Federal Programs Administrator and in his private capacity, and DOES 1-5,

Defendants.

IGNACIO C. SANTOS, in his official capacity as a Government of Guam Federal Programs Administrator and in his private capacity,

Third-Party Plaintiff,

v.

JON FERNANDEZ, FRANK COOPER-NURSE, in his individual capacity Chief Auditor of GDOE; K. ERIK SWANSON, Ph.D., in his official capacity as the Superintendent of the Guam Department of Education, and the GOVERNMENT OF GUAM,

Third-Party Defendants.

CIVIL CASE NO. CV0392-23

**DECISION AND ORDER**
*Re: The Government of Guam's Motion to Dismiss*

This matter came before the Honorable Arthur R. Barcinas on November 19, 2024, for a hearing on, *inter alia*, Third-Party Defendant Government of Guam's ("GovGuam") Motion to Dismiss ("Motion") filed on July 12, 2024. The Motion was filed to request dismissal of the Third-Party Complaint filed by Defendant/Third-Party Plaintiff Ignacio C. Santos ("Santos") in his personal capacity and his official capacity as a Government of Guam Federal Programs Administrator. Deputy Attorney General Joseph Guthrie appeared on behalf of GovGuam, and Santos was present, represented by Attorney Edwin J. Torres.

## BACKGROUND

On July 5, 2023, Plaintiff Thomas J. Fisher ("Fisher"), filed a Complaint against Santos as a taxpayer and in his official capacity as a Senator of the 37th Guam Legislature. In the Complaint, Fisher alleged that Santos, as the Federal Programs Administrator for the Guam Department of Education ("GDOE"), had failed to properly discharge his duties in regard to the management of public monies after overtime payments were issued to GDOE employees.

On May 2, 2024, Santos filed his Verified Answer, as well as a Third-Party Complaint against Third-Party Defendants Jon Fernandez, GDOE Superintendent Kenneth Swanson, GDOE Chief Auditor Franklin Cooper-Nurse, and GovGuam. In the Third-Party Complaint, Santos alleged that he was not at fault because he only had authority to certify the availability of funds, not authority over the actual expenditure of GDOE funds; Santos alleged instead that expenditure authority lay with Fernandez and Cooper-Nurse, adding that "if any party is responsible for the expenditure of funds, Guam law states that it is the superintendent of GDOE." Third-Party Compl., ¶¶ 19, 23. In the Third-Party Complaint, Santos further alleged that Swanson and GDOE had declined to request the Office of the Attorney General ("OAG") to represent Santos in his official capacity, in alleged violation of 5 GCA §§ 7111 and 30108;

Santos then requested the Court to enter a declaration as to whether Swanson and the Government of Guam must pay his attorneys' fees if he is exonerated.

On July 12, 2014, the OAG filed the instant Motion on behalf of the Government of Guam and requested dismissal of all claims in the Complaint and the Third-Party Complaint brought in the parties' official capacities. In regards to the Complaint, the OAG asserts that, under 5 GCA § 7115. a claim brought by a Senator in their official capacity must be filed by the Legislative Counsel or Assistant Legislative Counsel. Because Fisher is using private counsel while suing in his official capacity, the OAG argues his claims violate § 7115. The OAG argues that Fisher therefore lacks standing, requiring dismissal of the Complaint under Guam Rules of Civil Procedure ("GRCP") 12(b)(1). At the November 19, 2024 hearing, Fisher's counsel asserted that she was not served with the Motion, but had seen it, and argued at bar that, under the plain language of § 7115, a Senator's use of legislative counsel to sue in their official capacity is discretionary, not mandatory, and the use of legislative counsel is not intended to empower a Senator's standing to sue under Chapter 7 of GCA Title 5.

In regards to the Third-Party Complaint, the OAG asserts that Santos suing GovGuam in his official capacity effectively creates a situation where the government is suing itself, and that Santos cannot seek contribution from Third-Party Defendants in their official capacities because improper expenditures are the actions of individuals, not the government as an entity. The OAG argues that, because it would allegedly be impermissible for Santos to sue GovGuam in his official capacity, he fails to state a claim for which relief can be granted, thereby violating GRCP 12(b)(6).

On August 9, 2024, Santos filed his opposition, arguing that the OAG mischaracterizes Santos's claim as a third-party contribution claim when he allegedly actually seeks a declaratory action pursuant to 7 GCA § 26801. Santos asserts that he seeks a court determination as to

which government entity is responsible for reimbursing him for legal fees, not to hold GovGuam liable for illegal expenditures. Santos further argues that his claim for declaratory action does not implicate sovereign immunity and that, even if it did, 5 GCA § 7111 operates as an express waiver. As to the OAG's argument on the government impermissibly suing itself, Santos argues that he is not suing GovGuam in his official capacity, but in a personal capacity because he is seeking reimbursement for his personal legal expenses. Santos further stated that he would not address the OAG's argument regarding the original Complaint, as it was not material to the Third-Party Complaint.

The record does not indicate that the OAG ever filed a reply to the opposition. The Court took the matter under advisement on November 19, 2024.

## DISCUSSION

### I.     Legal Standard

Under Guam law, "[a]t any time after the commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action, who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." GRCP 14(a). "The person served with the summons and third-party complaint ... shall make any defenses to the third-party plaintiff's claim as provided in Rule 12.... The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim." *Id.*

Guam law allows that certain defenses to a claim for relief may be made by motion, including: "(1) lack of jurisdiction over the subject matter, ... [and] (6) failure to state a claim upon which relief can be granted." GRCP 12(b).

### a. GRCP 12(b)(1) - Subject Matter Jurisdiction

The lack of subject matter jurisdiction alleged by GovGuam is predicated on a lack of standing. "If a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim." *United Pac. Islanders' Corp. v. Cyfred, Ltd.*, 2017 Guam 6 ¶ 15. "Although we are not bound by the standing requirements applicable to federal courts of limited jurisdiction under Article III of the United States Constitution, we have repeatedly found that the traditional standing requirements expressed in Article III nevertheless apply to claims asserted in Guam's courts." *In re A.B. Won Pat Int'l Airport Auth., Guam*, 2019 Guam 6 ¶ 16 (internal quotations omitted). This constitutional standing is a threshold jurisdictional matter. *Id.* "To establish constitutional standing, a party must show: (1) it has suffered an injury in fact; (2) that the injury can be fairly traced to the challenged action taken by the defendant; and (3) that it is likely and beyond mere speculation that a favorable decision will remedy the injury sustained." *Id.* ¶ 17. However, even without constitutional standing, the Guam Supreme Court has held that standing may be statutorily conferred by the Legislature. *See Benavente v. Taitano*, 2006 Guam 15 ¶ 20.

Under Guam law, "[t]he Senators and the Guam Legislature shall have standing to sue under [Chapter 7 of GCA Title 5.]. The Legislative Counsel, or Assistant Legislative Counsel, may, as a party of his or her duties for the Guam Legislature, represent members of the Guam Legislature or the Guam Legislature, or both, in bringing suit under this Chapter, provided that in such cases, attorney's fees will not be allowed." 7 GCA § 7115.

### b. GRCP 12(b)(6) - Failure to State a Claim for Which Relief May Be Granted

In ruling on a motion to dismiss under GRCP 12(b)(6), the Court must accept all the well-pleaded facts as true, construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor. *Cruz v. Cruz*, 2023 Guam 20 ¶ 10.

Dismissal for failure to state a claim is appropriate only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief. *Id.*

## II. Whether Senator Fisher has standing to bring the Complaint

The OAG addresses the original Complaint before the Third-Party Complaint, arguing that Fisher does not have standing to bring suit in his official capacity against Santos. Pursuant to GRCP 14(a), "[t]he third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim."

5 GCA § 7115 dictates that "[t]he Senators and the Guam Legislature shall have standing to sue under this Chapter. The Legislative Counsel, or Assistant Legislative Counsel, may, as a part of his or her duties for the Guam Legislature, represent members of the Guam Legislature or the Guam Legislature, or both, in bringing suit under this Chapter, provided that in such cases, attorney's fees will not be allowed."

The OAG presents a novel set of arguments to assert that § 7115 requires that a Senator suing in their official capacity use legislative counsel to litigate that suit. First, the OAG argues that, in the context of 5 GCA § 7115, "'may' means that the Legislative Counsel/Assistant Legislative Counsel is <u>empowered</u> to represent the Senators, or Legislature as a whole, instead of 'may' meaning a grant of discretion to the Legislative Counsel, or Assistant Legislative Counsel, allowing them to choose whether to represent the Senators, or Legislature as a whole, in these actions." Mot., at 4.

Second, the OAG argues that the statute's provision not allowing attorney's fees for legislative counsel represents "the Legislature's desire to limit standing to actions wherein the Legislature or members of the Legislature are represented by Legislative Counsel, or Assistant Legislative Counsel," and that "[t]here would no be no reason for such a restriction if the

Legislature contemplated that, in such cases, legal representation could be provided by other attorneys." *Id.*

Third, the OAG argues that no counsel other than legislative counsel are mentioned in § 7115, and that under the statutory canon of *expressio unius est exclusio alterius*, Senators lack standing if they are represented by any counsel besides legislative counsel.

Finally, the OAG argues that Section 15.12 of the 37th Legislature Standing Rules, which dictates that members of the Legislature may "initiate, continue, or defend against any civil lawsuit ... related to legislative power, legislative work, or taxpayer lawsuit, with legislative funds," does not apply in this instance because "'rules' that effect [sic] only the internal procedures of the Legislature do not enjoy the full force and effect of law" pursuant to 5 GCA § 9107.

The above arguments notwithstanding, "[i]n cases involving statutory construction, the plain language of a statute must be the starting point." *Aguon v. Gutierrez*, 2002 Guam 14 ¶ 6. "In looking at the statute's language, the court's task is to determine whether or not the statutory language is 'plain and unambiguous.'" *Id.*

Upon review of the statute, the language appears plain and unambiguous to the Court. "The Senators and the Guam Legislature shall have standing to sue under this Chapter." § 7115. The sentence does not appear to be contingent upon any particular condition or choice of counsel; it merely grants the Senators and the Legislature standing to sue under Chapter 7 of Title 5. "The Legislative Counsel, or Assistant Legislative Counsel, may, as a part of his or her duties for the Guam Legislature, represent members of the Guam Legislature or the Guam Legislature, or both, in bringing suit under this Chapter, provided that in such cases, attorneys fees will not be allowed." *Id.* (emphasis added). The Court does not find any ambiguity in the statute's use of "may." The Guam Supreme Court has found that "the use of the word 'may' in

[a statute] implies that its terms are intended to be permissive rather than mandatory." *Sananap v. Cyfred, Ltd.*, 2011 Guam 22 ¶ 9; *see also Bank of Guam v. Del Priore*, 2007 Guam 7 ¶¶ 15-16 ([T]he language of the Act is permissive-i.e., the Act uses the permissive 'may' rather than exclusive 'must' with respect to its enforcement procedures...." Further, there is no indication in the text or history of the statute that the Legislature intended this particular "may" to be anything other than permissive. In light of this, the Court does not find the OAG's argument compelling.

Regarding the provision that, in the use of legislative counsel, "attorneys fees will not be allowed," it stands to reason that legislative counsel, like all other government attorneys, receive a salary to perform their legal duties and thus would not be entitled to attorneys fees as additional compensation. Contrary to the OAG's reading, the Court finds that this phrase indicates that Senators are welcome to hire private counsel, as it only provides that attorneys fees will not be allowed in cases where legislative counsel represents members of the Guam Legislature. 5 GCA § 7115.

As to the OAG's argument regarding the statutory canon of *expressio unius est exclusio alterius*, the Court also does not find that argument compelling, as "*expressio unius est exclusio alterius* does not apply to every statutory listing or grouping; it has force only when the items expressed are members of an 'associated group or series,' justifying the inference that items not mentioned were excluded by deliberate choice, not inadvertence." *People v. Lau*, 2007 Guam 4 ¶ 12 n.6. There is no such list here, merely a reference to the potential use of legislative counsel. Further, the Guam Supreme Court has held that "[c]ourts have been warned to use this maxim prudently," and that "'it should be taken with a grain of salt—or even better, with a grain of common sense." *Rinehart v. Rinehart*, 2000 Guam 14 ¶ 19. The terms of the statute being unambiguously stated, the Court finds that the maxim of *expressio unius* is not necessary here.

Accordingly, the Court finds that, as a member of the Guam Legislature suing in his official capacity, Senator Fisher has standing to bring this suit, as plainly stated by 5 GCA § 7115[1], and that the OAG's motion to dismiss the original Complaint pursuant to GRCP 12(b)(1) is therefore **DENIED**.

### III. Whether Fisher has failed to state a claim for which relief can be granted

The OAG also moves to dismiss the original Complaint under GRCP 12(b)(6), asserting that Fisher has failed to state a claim for which relief can be granted. The OAG argues that, as a taxpayer bringing suit against Santos in his official capacity under 5 GCA § 7103, Fisher has effectively brought suit against the government of Guam. 5 GCA § 7103 dictates:

> Any taxpayer who is a resident of Guam shall have standing to sue the government of Guam and any officer, agent, contractor, or employee of the Executive Branch of the government of Guam for the purpose of enjoining any officer, agent, contractor, or employee of the Executive Branch of the government of Guam from expending money without proper appropriation, without proper authority, illegally, or contrary to law, and to obtain a personal judgment in the courts of Guam against such officers, agents, contractors, or employees of the government of Guam and in favor of the Government of Guam for the return to the Government of Guam of any money which has been expended without proper appropriation, without proper authority, illegally, or contrary to law. For purposes of this Chapter, the Governor and Lt. Governor of Guam are officers of the government of Guam, and are included within the scope of this Chapter.

The OAG argues that 5 GCA § 7103 provides that taxpayer actions for injunctive and monetary relief "are not against the Government, but government officials." Mot., at 7. The OAG then asserts that, because Fisher's taxpayer action "is aimed at the Government *per se*, and not the officers, agents, contractors or employees of the Government of Guam," then the

---

[1] The Court also acknowledges that, as of the recent election, Fisher is no longer a member of the Guam Legislature, which may render this issue moot.

taxpayer claim against Santos allegedly does not state a claim for which relief can be granted. Mot., at 8.

The Court is not convinced by this argument, finding it somewhat contradictory. First, the OAG states that Fisher, as a taxpayer, attempted to sue a government official, and therefore tried to sue the government. Then, the OAG argues that Fisher's taxpayer suit should have been aimed at a government official, and not the government itself. The Court fails to understand how Fisher would be able to do so, if every such attempt would be construed as an attempt to sue the government as a whole. It would effectively provide taxpayers with no avenue for relief, and ensure that any such suit brought against a government official would, by default, be dismissed for failure to state a claim for which relief may be granted. Furthermore, in 5 GCA § 7103, the very statute that the OAG cites, it expressly states that, "[a]ny taxpayer who is a resident of Guam shall have standing to sue the government of Guam and any officer, agent, contractor, or employee of the Executive Branch of the government of Guam from expending money without proper appropriation, without proper authority, illegally, or contrary to law." (emphasis added). The statute does not, by its plain language, indicate that a taxpayer lacks standing to sue the government of Guam for the purpose of enjoining a particular employee from expending funds.

Therefore, viewed in the light most favorable to Fisher as the non-movant, the Court finds that Fisher has, at the very least, provided sufficient notice of a taxpayer claim against Santos and the government of Guam for injunctive and monetary relief. Accordingly, GovGuam's Motion to Dismiss the Complaint under GRCP 12(b)(6) will be **DENIED.**

IV.     **Whether Santos has failed to state a claim for which relief can be granted**

Finally, the OAG argues that, pursuant to GRCP 12(b)(6), Santos fails to state a claim for which relief can be granted: (1) in his official capacity against GovGuam; (2) in his private

capacity against GovGuam; and (3) in his private capacity against Swanson in Swanson's official capacity.

For Santos's claim in his official capacity against GovGuam, the OAG argues that this would effectively constitute a suit by GovGuam against itself. For Santos's claim in his individual capacity against GovGuam and against Swanson in Swanson's official capacity, the OAG argues that, if Santos is found liable on any of Fisher's causes of actions, the contribution of the Third-Party Defendants would allegedly accrue to the benefit of Santos in his individual capacity rather than his official capacity. The OAG asserts that Santos in his individual capacity would not have a third-party claim for contribution against GovGuam or Swanson because "illegal expenditures are actions of government employees and not the government itself." Mot., at 9.

In opposition to GovGuam's claim regarding the government suing itself, Santos states that he is suing for a declaratory action and not for contribution from the Government, and that the declaratory action does not implicate who must pay for any alleged illegal expenditures pursuant to 5 GCA § 7103. It only seeks to determine who will reimburse Santos for his legal fees if he is exonerated. Opp., at 3-4. Santos clarifies that the contribution claim is limited only to Defendants Fernandez and Cooper-Nurse in their individual capacities. *Id.*

First, regarding the OAG's assertions about Santos being unable to sue GovGuam in his official capacity, Santos asserts that he is suing in his personal capacity against all Third-Party Defendants, including GovGuam, which Santos argues should absolve any concerns regarding his status as a government officer suing GovGuam. The Third-Party Complaint does not expressly state that Santos is bringing suit against GovGuam in his personal capacity, but

neither does it say that he is bringing suit against GovGuam in his official capacity[2]. Therefore, the Court will read the Complaint in the light most favorable to Santos and accept his assertion that he is suing GovGuam in his private capacity.

Second, Santos argues that his claim for the declaratory action regarding the potential payment of his attorney's fees if exonerated does not implicate sovereign immunity, and that even if it did, 5 GCA § 7111 would operate as an express waiver of that immunity. Opp., at 6.

> The Attorney General's Office or the legal counsel for the government of Guam entity for whom an individual defendant works may represent individual defendants in any action brought under this Chapter. In the event that individual defendants who are officers, agents, contractors, or employees of the government of Guam have private counsel, and are later exonerated of any wrongdoing, then, and in that event, the government of Guam, or the financially autonomous government of Guam entity for which the officer or employee works, shall reimburse the defendants for their legal fees.

5 GCA § 7111. The OAG has presented no argument to the contrary. However, the Cour does not find this argument compelling. First, regarding Santos's argument that his claim for declaratory action does not implicate sovereign immunity, even if Santos is bringing suit against Swanson and Cooper-Nurse in their individual capacities, the Guam Supreme Court has held that suits against government officials are also considered suits against the government of Guam when "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect would be to restrain the Government from acting, or to compel it to act." *Guam Fed. of Tchrs. ex rel. Rector v. Perez*, 2005 Guam 15 ¶ 19. 5 GCA § 7111 states that reimbursement of attorney's fees under that statute can only be made by one of two entities: (1) the government of Guam or (2) the financially autonomous government of

---

[2] The Court agrees that, were Santos suing in his individual capacity, the caption should have reflected that, but the Court will abide by the standard for GRCP 12(b)(6) motions, and interpret the facts in the light most favorable to Santos as the non-moving party.

Guam entity for which the claimant works. In either case, the public coffers would be the source of funds for said reimbursement, which could potentially render this a claim against the government of Guam. If it were to become a suit against the government, Santos would be barred from bringing his declaratory relief claim, as "the Government of Guam has sovereign immunity from suit for judgment declaring rights," and where "the Government of Guam ha[s] sovereign immunity that ha[s] not been waived, no other contentions ..., including one for declaratory relief, could be considered." *Story-Bernardo v. Gov't of Guam*, 2023 Guam 27 ¶ 35. However, the Court does not find that Santos's suit extends to the sovereign in this case. Any judgment the Court issues on Santos's declaratory relief would not expend itself on the public treasury or domain, as Santos's potential right to reimbursement from the public coffers is dictated by statute, not by any order of the Court. Additionally, the Court does not find that its judgment would interfere with public administration, compel the government to act, or restrict it from acting. By statute, reimbursement may only come from two sources: the government of Guam or a financially autonomous agency. The Department of Education is not a financially autonomous agency, therefore, the only possible source of funds is the government of Guam; the Court would not interfere with public administration, compel the government to act, or restrict it from acting by stating so.

Thus, the Court finds that, viewed in the light most favorable to Santos as the non-movant, Santos has pled sufficient notice of his claim pursuant to GRCP 12(b)(6). Accordingly, GovGuam's Motion to Dismiss on this matter will be **DENIED** as to Santos's third-party claim for declaratory relief.

Finally, regarding Santos' claims for contribution, GovGuam argues that Santos's claims against Swanson and GovGuam should be dismissed for failure to state a claim for which relief can be granted because "Santos, in his private capacity, would not have a Third Party claim for

contribution against [Swanson or GovGuam] because illegal expenditures are actions of officers, agents, contractors, or employees of the government of Guam and not the government itself." Mot., at 9. However, the Court finds this argument immaterial, as Santos is not bringing a contribution claim against Swanson or GovGuam. Accordingly, the Government of Guam's Motion to Dismiss the Third-Party Complaint pursuant to GRCP 12(b)(6) will be **DENIED** in regard to Santos's third-party contribution claim.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Motion to Dismiss.

**IT IS SO ORDERED** _____FEB 1 9 2025_____.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**